UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

MARK ANTHONY CHABAN,

          Debtor.

_____/

Case No.: 14-52133-wsd
Chapter 7
Hon. Walter Shapero

MARK CHABAN, P.C., and,
TINDALL & COMPANY, P.C.,

          Plaintiffs,

v.

HARMINDER RATHORE., et al.,

          Defendants.

_____/

Adv. Pro. No. 14-04946

## OPINION IN CONNECTION WITH ABSTENTION AND REMAND OF REMOVED CASE

Mark Chaban ("Debtor") filed his individual Chapter 7 bankruptcy on July 24, 2014, following which he removed a proceeding, case number 10-5280-CZ, from the Macomb County Circuit Court ("State Court") to this Court where it is now pending as this adversary proceeding. The removal, in turn, was followed by creditors of the Debtor (who were also parties to the removed State Court proceedings and are now the Defendants in this adversary proceeding) filing a "Motion for Mandatory Abstention Under 28 USC 1334(c)(2), Remand Under Bankruptcy Rule 9027(d), or Permissive Abstention or Equitable Removal Under 28 U.S.C. 1334(c-1) or Res Judicata." The Court held an expedited hearing on that Motion.

The subject State Court proceeding was commenced in 2010 as a fraudulent transfer case in which Debtor's law firm, Mark Chaban, PC, was one of two plaintiffs, with Debtor briefly acting

1

as an attorney for it. It was a lengthy and highly contentious case, the sum and substance of which eventually was that (a) Debtor was disqualified as an attorney for the plaintiffs; (b) the fraudulent transfer case was dismissed with prejudice; and (c) the state trial court concluded that sanctions against Debtor would be appropriate. In all of those respects, the trial court's orders were appealed and affirmed, the appellate court, in the process of doing so, ordering that sanctions against Debtor, as well as damages and expenses associated with the appeal, would be appropriate. It therefore remanded the case to the State Court for a determination of those amounts. The State Court then held hearings to determine the amounts of the sanctions, resulting in a judgment against Debtor individually, in what Debtor's Schedules state as the amount of approximately $77,000. A judgment for such was entered against Debtor in April of 2014 and apparently, as of the filing date of Debtor's bankruptcy, it was the subject of some further or appellate proceedings.

Along the way there have been two other bankruptcy cases, which implicated those State Court actions. One was an involuntary bankruptcy filed by Debtor and/or his law firm against the judgment creditors (or some of them), which was later dismissed. That order of dismissal was not appealed. The other was the separate bankruptcy of Debtor's law firm, in which the Debtor filed a motion (a) raising substantive questions as to the ability of the State Court to impose sanctions on him personally; and (b) alleging that whatever liability, if any, for sanctions that existed against his law firm, such was discharged in its bankruptcy, which also had the effect of extinguishing Debtor's personal vicarious liability. The Court denied that motion and its order doing so was likewise not appealed. The noted basic underlying procedural and other relevant facts are not in dispute.

"For mandatory abstention to apply, a proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in

2

a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding." In re Lowenbraun, 453 F.3d 314, 320 (6th Cir. 2006). Additionally, with regard to permissive abstention, 28 U.S.C. § 1334(c)(1) states that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." The permissive abstention factors to be weighed and considered include:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable law;
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than the form of an asserted core proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the bankruptcy court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

Watson v. Zigila, 2010 WL 3582504 at *5 (E.D. Mich. Sept. 13, 2010). The analysis for equitable remand is largely the same as that for permissive abstention and, as such, the grounds for such include:

> (1) duplicative and uneconomical use of judicial resources in two forums;
> (2) prejudice to the involuntarily removed parties;
> (3) forum non conveniens;
> (4) the state court's ability to handle a suit involving questions of state law;
> (5) comity considerations;
> (6) lessened possibility of an inconsistent result; and

3

(7) the expertise of the court in which the matter was originally pending.

Id.

As applied to this situation, this Court concludes that there are ample grounds to remand the entire case back to the State Court on all or any one of the alternate and independent grounds of mandatory abstention, permissive abstention, and equitable remand. Debtor's removal to this Court was of the *entire* State Court case, the posture of which at the time the bankruptcy was filed, as noted above, was that (a) the main and underlying fraudulent transfer action (to which Debtor personally was not even a party) had long since been dismissed with prejudice; and (b) the sanctions judgment against Debtor had been previously entered and was the subject of some appellate proceedings. In substance and on its face, the removal appears to be an attempt to somehow revisit and relitigate the merits of some or all of the State Court case (i.e. including the dismissal of the fraudulent transfer case and sanctions judgment against Debtor arising out of those proceedings). The removal of the entire case cannot and should not be used as some sort of vehicle to assert whatever problems or issues (if any remain that can now be disputed) that Debtor might have with the State Court case, keeping in mind that (a) Debtor was not personally even a party to the underlying State Court case and whatever membership or other ownership interest he might have or derive from his interest in his bankrupt law firm is now an asset of his personal bankruptcy estate; and (b) Debtor apparently seeks relief in regard to the sanctions judgment that is likely beyond this Court's jurisdiction, see Luber v. Sprague, 90 F. App'x 908, 910 (6th Cir. 2004) ("The *Rooker–Feldman* doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision."). The determination of the right to sanctions and their amount, which as of the filing of this bankruptcy case, were already the subject of State Court judgments or orders, and are strictly a matter of state law. As of the bankruptcy filing and the later

4

removal of the State Court proceeding, these sanctions determinations were also the only remaining aspects of the underlying State Court fraudulent transfer case that were not the subject of a final order that was no longer appealable. Given the recited history and facts, the final disposition of such is more appropriately finally determined by the State Court. This Court may indeed have a role to play once that final determination is made, assuming what results is some claim of damages against Debtor that needs to be disposed of during the administration of his bankruptcy estate. That role is and should basically only be (a) a determination of what, if anything will be paid by the bankruptcy estate on that claim; and (b) whether or not, if a party in interest raises such an issue, that claim is nondischargeable. Such a conclusion produces an orderly and systematic disposition of both the State Court matters and the administration of Debtor's bankruptcy estate, which also minimizes, if not precludes, the possibility of waste of judicial resources and inconsistent results. Finally, (a) comity with state courts also favors remand, particularly because this is a case with a long history in those courts and the removal to this Court appears largely to be an act of forum-shopping premised on second-guessing completed State Court proceedings and judgments; and (b) there appears to be some non-bankruptcy third parties involved in the State Court proceeding, and as to them the removal of the entire State Court case to the Bankruptcy Court can pose material prejudice.

Accordingly, the Court concludes that, on balance, virtually all of the criteria for mandatory abstention, permissive abstention, and equitable remand are satisfied, and this matter shall be remanded back to the State Court on all or any one of the asserted alternate and independent grounds. An order to this effect is being entered contemporaneously.

5

**Signed on September 29, 2014**

                                                    **/s/ Walter Shapero**
                                                    **Walter Shapero**
                                                    **United States Bankruptcy Judge**